## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

GARY CRANE,

     Plaintiff,

v.                                        Case No. 22-11479

JODI DEANGELO, et al.,

     Defendants.

_____/

### OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

This is a state prisoner's *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff Gary Crane alleges that while he was housed at the Woodland Center Correctional Facility in Whitmore Lake, Michigan, Defendants Sgt. Brent Martell, Kyle Sargent, Warden Jodi DeAngelo, and Deputy Warden Melissa Godfrey violated his Eighth Amendment rights when they placed him in administrative segregation for approximately two weeks, during which he was denied yard and exercise time, warm food, showers, and cleaning supplies. (ECF No. 1, PageID.12, 13.) He seeks $750,000 in money damages as well as declaratory and injunctive reliefs that Defendants make him whole. (*Id.* at PageID.14.) Because Plaintiff fails to state a claim upon which relief may be granted, the complaint will be dismissed.

### I.    BACKGROUND

Plaintiff alleges that on May 26, 2021, Defendants Sgt. Brent Martell, Kyle Sargent, and Warden Jodi DeAngelo "placed Plaintiff in [s]egregation for a [u]rine test." (ECF No. 1, PageID.12.) Plaintiff claims that he "was never found guilty or received a

positive drug test." (*Id.*, PageID.7.) He believes he should have been released on June 3, when he "received 15 days lop [(loss of privilege)] for Dangerous Contraband and [was] taken off non-bond." (*Id.*, PageID.12.) However, he was still "under lock and key until" June 6. (*Id.* PageID.12, 13.)

While in segregation, Plaintiff allegedly was denied daily yard access for exercise, clean clothes, warm food, showers, and cleaning supplies. (*Id.*, PageID.12, 13.) Plaintiff asserts that being "denied meals on several occasions . . . caused psychological damages" that have persisted. (*Id.*, PageID.7, 8.)

In addition to Defendants DeAngelo, Martell, and Sargent, Plaintiff also named Deputy Warden Melissa Godfrey as a Defendant. (*Id.*, PageID.3.) However, the Complaint failed to make any allegations against Defendant Godfrey.

## II.   STANDARD

Under the Prison Litigation Reform Act ("PLRA"), the court is required to dismiss a prisoner's complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915A(b); 42 U.S.C. § 1997e(c). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When evaluating a complaint under PLRA standards, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* civil rights complaint is to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 677 (citing *Twombly*, 550 U.S. at 555).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### III.   DISCUSSION

Plaintiff's complaint does not survive screening. Even construed liberally and in a light most favorable to Plaintiff, his allegations of the deprivations during segregation

and being forced to remain there an extra three days do not rise to an Eighth Amendment violation.

Both duration and the conditions of confinement are assessed to determine whether placement in segregation represents a hardship of constitutional magnitude. *Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017). Courts must evaluate whether segregation constitutes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]" which would implicate a liberty interest protected by due process. *Id.* (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 792-93 (6th Cir. 2008)). In general, "atypical and significant hardship" requires finding "extreme circumstances," such as being "subject to indefinite administrative segregation." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden–Bey*, 524 F.3d at 795).

As to whether prison conditions violate the Eighth Amendment, "the prisoner must plead facts showing that he has been subjected to deprivations so serious that he was deprived of the 'minimal civilized measure of life's necessities' and that prison officials acted wantonly, with deliberate indifference to his serious needs." *Powell*, 720 F. App'x at 227–28 (citing *Richmond v. Settles*, 450 F. App'x 448, 454-55 (6th Cir. 2011)). "The Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation' or 'other conditions intolerable for prison confinement.'" *Richmond*, 450 F. App'x at 454–55 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)). And "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Id.* at 455 (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam)) (alteration in original).

Here, Plaintiff's allegations do not demonstrate a violation of due process or the Eighth Amendment. An extra three days in segregation, or even the full two-week time period that Plaintiff spent there, does not begin to approach the "extreme circumstances" that result in an "atypical and significant hardship." *Joseph*, 410 F. App'x at 868. Nor do the conditions Plaintiff endured during his stay, for the occasional deprivation of meals and a reduced frequency of showers do not rise to cruel and unusual punishment, *Richmond*, 450 F. App'x at 455-56. Like the prisoner in *Powell*, Plaintiff complained about not being "given appropriate cleaning supplies," but he "fail[ed] to demonstrate that he was forced to live in inhumane conditions." *Powell*, 720 F. App'x at 228.

Plaintiff's only claim of injury is a psychological one resulting from the denial of some of his meals. (ECF No. 1., PageID.7.) However, "[s]uch a claim is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner 'for mental or emotional injury suffered while in custody without a prior showing of physical injury.'" *Richmond,* 450 F. App'x at 456 (citing *Jennings v. Mitchell*, 93 F. App'x 723, 724–25 (6th Cir.2004)) (rejecting the prisoner's claim for the mental anguish he allegedly suffered from not receiving meals). In sum, none of Plaintiff's complaints are of constitutional magnitude, and he is not entitled to relief.

## IV.    CONCLUSION

For the reasons set forth above, the court finds that Plaintiff has not stated a claim on which relief may be granted. Accordingly,

IT IS ORDERED that the Complaint is summarily DISMISSED WITH

PREJUDICE pursuant to 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

s/Robert H. Cleland                          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 7, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 7, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\NTH\Habeas & Staff Attorney\22-11479.CRANE.OrdertoDismiss.PS.NH.docx